UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

                    Plaintiff,                             Case No. 1:21-cr-20408

v.                                          Honorable Thomas L. Ludington
                                                   United States District Judge

TRINITY DALLAS DONLEY,

                    Defendant.

_____/

**OPINION AND ORDER (1) GRANTING DEFENSE COUNSEL'S MOTION TO WITHDRAW, (2) APPOINTING NEW COUNSEL, AND (3) DIRECTING SERVICE**

In June 2021, Defendant Trinity Dallas Donley was indicted on one count of knowingly possessing with intent to distribute at least 50 grams of a mixture or substance containing a detectable amount of methamphetamine, 21 U.S.C. § 841(a)(1). ECF No. 1. Six months later, he pleaded guilty through a Rule 11 plea agreement. ECF No. 27.

On February 24, 2022, Defendant's counsel, Russell J. Perry, Jr. received Defendant's Presentence Investigation Report (PSR) via email. ECF No. 32 at PageID.112. The next day, he met with the Defendant via Zoom so Defendant could read the PSR and so they could discuss any possible objections to the Sentencing Guidelines as determined by the United States Probation. *Id.*

The Guidelines as calculated by Probation were greater than the draft Guidelines that Mr. Perry had previously shared with Defendant. Before Defendant signed the plea agreement or pleaded guilty, Mr. Perry predicted Defendant's Guidelines range to be 70–87 months. But Probation later calculated the Guidelines range, as reflected in Defendant's PSR, to be 92–115 months. The increase was due to additional convictions that added points to Defendant's Criminal History and due to Defendant being on parole while allegedly committing the instant offense.

Defendant wanted another attorney and to withdraw his plea because he was not happy. At Defendant's direction, on March 2, 2022, Mr. Perry filed a motion to withdraw as Defendant's counsel. ECF No. 32. Five days later, a hearing was held on the motion. ECF No. 33. At the hearing, all the above-mentioned facts were confirmed by the parties, and after the undersigned asked Defendant if he agreed with Mr. Perry's Motion, Defendant replied, "I do, Your Honor."

Because this Court is satisfied that Mr. Perry made every effort to fully and professionally explain the reasoning behind his advice, and that the attorney-client relationship has broken down, Mr. Perry may withdraw. But as stated during the hearing, Defendant's grievance is unreasonable. He merely disagrees with the Probation Officer's calculation of the Sentencing Guidelines, which as the undersigned informed Defendant at the hearing, is a complex exercise.

Defendant should, however, be aware that "persistent, unreasonable demand for dismissal of counsel and appointment of new counsel . . . is the functional equivalent of a valid waiver of counsel." *United States v. Green*, 388 F.3d 918, 921 (6th Cir. 2004) (quoting *United States v. Henderson*, 181 F.3d 105 (6th Cir. 1999)). If Defendant continues to unreasonably object to his appointed counsel, he risks waiving his right to counsel.

Accordingly, it is **ORDERED** that the Motion to Withdraw, ECF No. 32, is **GRANTED**. Russell Perry is **WITHDRAWN** as counsel for Defendant. New counsel shall be **APPOINTED**.

Further, it is **ORDERED** that the dates in this case are **ADJOURNED** as follows:

PSR Objections due:   April 15, 2022; and
Sentencing:          May 26, 2022, at 3:00 PM EDT.

Further, it is **ORDERED** that the Clerk of this Court is **DIRECTED** to serve Defendant a copy of this Order by first-class mail.

Dated: March 22, 2022                              s/Thomas L. Ludington
                                                   THOMAS L. LUDINGTON
                                                   United States District Judge